Upon the trial, at Bladen, on the last circuit, before his Honor, JudgePearson, it appeared that the plaintiff was the administrator de bonis noncum testamento annexo of one Joseph Kemp, who died in 1805, leaving a will which was duly admitted to probate, and William Kemp, the testator of the defendant, qualified as administrator with the will annexed, at the November Term of that year. The will of Joseph Kemp, among other clauses, contained the following: "I give to my son, William Kemp, two negro women, Dorcas and Ruth, during his natural life, and at his death to his eldest lawful son, if he arrives to the age of maturity; but if he should have no son, or he should not arrive to full age, in that case the said negroes and their increase to be equally divided *Page 371 
between my two sons, David and John Kemp." William Kemp, as administrator, etc., of his father, Joseph Kemp, took possession of the slaves, Dorcas and Ruth, and retained possession of Dorcas and her two grand-children, Jim and Maria, until his death in 1836, claiming the said slaves as his own. After the death of William Kemp the plaintiff took out letters of administration de bonis non, etc., upon the estate of Joseph Kemp; and, after a demand and refusal of the slaves from the defendant, who held them as the executor of William Kemp, brought this action. It also appeared that William Kemp died without having a child, and that the two remaindermen, David and John Kemp, had died some years before William, and the plaintiff had also (472) taken out letters of administration upon their estates.
His Honor charged the jury "that if, from the evidence, they inferred an assent to the legacy for life by William Kemp, the administrator with the will annexed, there would be a presumption of an assent to the limitations over; the rule being that where the will did not require the executor to do anything after the termination of the life estate, an assent to the legacy for life was an assent to the whole; and if so, then the plaintiff, as administrator of Joseph Kemp, had no right to maintain this action." The defendant had a verdict and judgment, and the plaintiff appealed.
We entirely approve of the instructions given in this case. No position can be better established than the assent of an executor to a bequest for life, where, upon the termination of the life estate it is not necessary for the purpose of the will that the executor should retake possession of the thing bequeathed, operates as an assent also to the ulterior bequests. And the jury in this case not only could have inferred, but was bound to infer, such an assent from the possession of the tenant for life, himself also the executor, for thirty years, under a claim of property. The judgment is affirmed with costs.
PER CURIAM. Judgment affirmed.
Cited: McCay v. Guirkin, 102 N.C. 23; Lewis v. Kemp, 38 N.C. 234. *Page 372 
(473)